Fireman's Fund Insurance Company, 181887 and 181961. Victor.  Good morning. David Correll for Plaintiff 1070 Park Avenue Corporation. Appreciate the opportunity to be here this morning. So why is a recycle bin a vehicle? Because, Your Honor, it was being used as a vehicle on the date of the loss. The lower court and counsel suggest that the bin was basically, essentially, a trash bin, bin on wheels. You could say the same thing about a garbage truck. So I live in a part of New York where every apartment building has got one of these e-cycle bins. And if you ask my neighbors, is that a vehicle? Not a single one of my neighbors would say that that's a vehicle. Why shouldn't we use that common sense view of the term vehicle to determine this case? Your Honor, if the insurance company had wished to define vehicle they could have, the policy is replete, this policy, with references to motor vehicle. I can cite and I can give the court the pages where this policy refers to motor vehicle. The policy herein says aircraft or vehicle, among many other exceptions to the exclusion. Virtually every definition from back from Black's Law Dictionary to Oxford to Cambridge, including the one cited by defendant, refer to a vehicle as being something which is used as a transport, a conveyance for people or goods. This trash bin was used both for storage, the lower court said the primary purpose was storage. It may be that a primary purpose might be storage, as well as a primary purpose as a garbage truck is to convey. The chair I'm sitting on has wheels, and if I want to move it over there, it'll carry me over there. The purpose of the chair, Your Honor, is not to convey goods or merchandise. This trash- The purpose of the chair is not to be a conveyance. Sure. And is the purpose of a recycling bin to hold recycled materials? Or is it only incidentally to move them when it's full? The purpose of this is to move it. That's why it has wheels, that's why it has casters, that's why they have trucks which pick them up from the streets of New York. This bin has wheels. It has wheels to move it, but- Yes. So does the piano, which is not a vehicle. I can appreciate that it may sound amusing. However, this trash bin, at the time it was being used, was used to convey the electronic recycling materials through the building and out of the building, which was its purpose. Because it was being moved at the time. Yes, it's used, it's moved every month. Would it be a recycling bin if it had no wheels? Probably not. If you took the wheels- Excuse me, it would be a recycling bin, yes. I'm sorry. It might, I would not call it a vehicle. So there's, no, go ahead. There's the issue. Yes, but here, Your Honor, this- The district court also pointed out that in construing the phrase aircraft or vehicles, the other exceptions to the exclusion are catastrophic. Riot or civil commotion, sinkhole collapse, volcanic action, falling objects, lightning, explosion, and so on. That also gave her context for believing that a vehicle or aircraft that caused the need for integrity testing was something that was kind of unexpected, was large, was the vehicle, a truck crashing into the building. And that also struck me as persuasive in construing the word vehicle here. How do you respond to that? Mr. Cornyn will respond to that, and then I'd like to get back to whether it's a vehicle. I'm sorry. No, I'll address both, not a problem. Well, this is part of her understanding of what's a vehicle. Yes, Your Honor. The exclusions, which you refer and the lower court referred to as catastrophes, as well included weight of snow, ice, or sleet. It's not just catastrophes. Weight of snow causing a roof to crash in, for example. I mean, that does strike me as a catastrophe. I mean, I thought that- May very well be, may also not be. The weight of snow could push down on a gas piping. Gas piping in a building is concealed in walls, typically. So for the catastrophe here, weight of ice or snow, sleet, it's not in the same category of a catastrophe, neither is falling objects. The exceptions, the exclusion included falling objects as well as the weight of snow or ice. So they're not necessarily catastrophes. And- I have to disagree, I guess. Volcanic action, the thrust of this is a large, unexpected event that causes structural damage of some kind. And that is not differentiated from wear and tear, for example. And so that struck me as the combining with aircraft or vehicles, again, not to be a, what's essentially a storage bin that gets moved weekly or monthly. This is a building that existed for many years, decades without any problems, no problems with the gas piping system. A fire could cause a catastrophe. A fire might also be a minor loss, which results in many instances of gas being shut down. Weight of snow or ice can also result in being shut down, not necessarily a catastrophe. At the purpose of this bin is not only to hold the recycling bin, it's to carry it out of the building. And if it was not being used for wheeling as a vehicle, which is what the same thing- Here's the problem, and so just to pick up on Judge Carney's question. Let's just say that instead of vehicles, we use the word recycling bin. And so the exempted causes would read fire, lightning, explosion, aircraft, or volcanic action. That sounds extremely silly when you say aircraft or recycling bins. Your Honor, I would counter that. They said vehicles instead of motor vehicles. They didn't say airborne vehicles. They didn't say motorized vehicles. They didn't say trailers, civilian, military vehicles. They said the word vehicle. It's about context. So this is why I started my question by saying that I was picking up on Judge Carney's question. Context matters. And here, when you say fire, lightning, explosion, aircraft, or recycling bins, that is- Recycling bins is completely out of context. The word vehicle is not out of context. And vehicle, as virtually every definition you can look at in the United States, refers to a vehicle as something which is used to transport goods or people. A shopping cart is a vehicle. A tram is a vehicle. An amusement ride is a vehicle. This cart was being used for its intended purpose. Its intended purpose was to transport recycling material. It was being used in this- I'm not sure that this contemplates shopping carts either, aircraft or shopping carts. I would suggest a shopping cart is as well a vehicle for carrying groceries throughout a store. Would a shopping cart be a shopping cart if it had no wheels? I wouldn't call it a cart, but I would still call it a vehicle. The fact that they decided not to define- How soon after the accident did your client raise the vehicle defense? We were, the claim was, upon the filing of the complaint is the answer, Your Honor. Defendant received the notice of this claim- How long after the accident was that? A few months when the complaint was filed. But Your Honor, what happened here was the insurance company received notice of the claim on July 18th. Less than ten business days later, they denied the claim. They denied the claim asserting defenses of faulty maintenance, corrosion, decay, weather. Put an answer with 22 affirmative defenses, accord, satisfaction, estoppel. Bottom line is the plaintiff here had little occasion to actually advise the insurance company what happened, other than to put it in context with simple words, what happened? The superintendent stated a bin hit the gas piping system as it was being used for its purpose of transporting these recycling materials out of the building, out of the building into the truck on the street. How much are we talking about? $557,000. But for this recycling bin being used for its intended purpose, as in Garcia. Garcia was a cart being used on a construction site in New York where the court didn't even discuss the fact that it was a vehicle. It was taken at face value that a cart being used to transport construction material was a cart. This is the same situation. This recycling bin was being used for its purpose, to transport these recycling materials through the building and out of the building. And that's what it was being used for. You've reserved three minutes for rebuttal. We'll hear from your colleague, Mr. Weintraub. Thank you. May it please the court. My name is Jay Weintraub and I represent the appellant, Fireman's Fund Insurance Company. The district court's granting of summary judgment to Fireman's Fund should be upheld in its entirety. The storage bin at issue is not a vehicle under the insurance policy. Pursuant to the applicable- This is an all risk policy, is that correct? Yes, your honor. And all risk policies usually cover physical losses that happen by chance or by accident, is that correct? That is correct, your honor. Why isn't this exactly the type of chance, or chance occurrence, or accident covered by the policy? All risk policies are subject to their terms, as all insurance policies are. All risk policies have exclusions. This policy contains a gas systems endorsement, which excludes this type of loss unless caused by certain causes of loss. Such as volcanic eruptions, riots, and damage due to aircraft or vehicles. This case does not fit in with any of these exceptions. So the exclusion, and it's not contested, applies. The question here is whether this can matter and these facts fall within the exceptions to the exclusion, and they do not. What's the size of these recycling bins? Your honor, I have a, there's a small size and there's a large size. That's the size of that lectern, isn't it? It's, the large one is two feet deep and 5.5 feet wide and six feet high. Of the podium, in effect. Okay. Actually, bigger than the podium. Bigger than the podium. Okay, this case needs to be interpreted under insurance law. The insurance law says that you use common sense when determining how a term should be interpreted. Is there any circumstance in your view under which a recycling bin, for example, a recycling bin with motorized wheels, could become a vehicle for purposes of this policy?  Is there any circumstance under which a recycling bin could become a vehicle for purposes as defined in, or it's not defined, but it's referenced in the policy? For example, a motorized. If the purpose of the recycling bin, the main purpose of the recycling bin, as we have here, is for storage, then no. Not, if it is the question of whether it is a motor is not the issue. So if they picked up recycling daily, I mean, if this were plastic and bottle recycling, and it were motorized because it's heavy and large and stored in the same place, but daily they were taking it out to the trucks. That's not storage, that's just collection point and then delivery. Why wouldn't that be a vehicle at that point? The, as the facts that we have here are electronic items. I'm asking you a different question. Right, I don't think the length of time is dispositive here as to whether it's a vehicle or not, the issue is what is the main purpose? The main purpose of a recycling bin, however long it keeps the recyclables, is for storage, from what you've described. Not if it's being emptied daily. It's not, I mean, I don't store trash in my waste paper basket. I mean, I collect it there and then empty regularly. And if this were a large and motorized container that was emptied daily, why wouldn't that just be a kind of collection and transport vehicle? You can, I think under the facts of that case, I would still maintain the position that its main purpose is to store garbage and to be moved later. You would concede that at a certain point, the thing becomes a garbage truck. It is a garbage truck, a garbage truck's purpose is to move and transport items, that is the main purpose of a garbage truck. The main purpose of this item is to store. Is it motorized? Is it motorized? Was it motorized? No, it was not motorized. It's the burden of your adversary to prove the applicability of an exception to an exclusion. But it remains the onus on the insurance company to suffer the consequences of ambiguity. Thank you. Your Honor, number one, the plaintiff has conceded that the term vehicle is not ambiguous in its papers. Number two- Well, I understand. Plaintiff, the insured- He's arguing the other way. The insured has the burden to prove exceptions to exclusions and they're applicably. I agree with your Honor on- Ambiguity is an issue of law. So if your adversary concedes it and he's wrong, then it's still for us to decide. I agree with your Honor on, I'll concede that it is up to the court to decide. What I worry about is that there may be some version of these e-cycling bins where, and there may be a scenario where the e-cycling bins are emptied, I don't know, every hour. Maybe not in my neighborhood, but maybe in some fancy Upper East Side neighborhood or wherever it is. And then it becomes closer to, and they're motorized, and then it becomes a little closer to vehicle. So if that's true, what do we do with that? You have to look at the context of how this provision is read in the policy, that's insurance law. Not every dictionary definition, plus the main purpose of the item at issue. In that circumstance, we would look at the main purpose of that item at issue. It is beyond dispute that the main purpose of this item at issue was storage and not transportation. And that is clear from the City of New York's brochure. That is clear from the testimony of the property manager for the insured, their client. That is clear from the testimony of their client's superintendent. Does the record show, actually, how the bin was emptied? Do you need a forklift? Do people roll it out, and then does it get lifted up on some kind of truck through a mechanical device, or what happens? Does the record show? I'm not aware how it's lifted. It is lifted in some manner and put in a truck. And does the record show how often it was emptied? No, but I believe that common sense, I mean, I'm sure that would be determined based on how this, when it fills up. So, I believe, and to the degree that it fills up, you can call the e-cycling people who are in charge of it, and ask them to come pick it up. So I'm not quite sure it's on a regular basis, but it would take a while for large electronic recyclables, I believe, to fill up. Not everybody's recycling their computers, and just common sense says that it would take a while. But the temporal aspect, I don't believe, is determinative. It's common sense, and it's based on this provision, which involves- Context. Context is king here, and that is everything here, and that is the entire argument that the appellant's counsel avoids. He avoids analyzing this under insurance law. He avoids analyzing this under context of the policy provision and the purpose of the device. And he avoids the on-point case law, rather than case law dealing with hand carts in labor law cases, or early 20th century patent cases, which are completely irrelevant. You do not just go, and the basis of his argument is, well, you go to the broadest dictionary definition of the term, end of story. That's not how insurance law works. This is a narrowing provision. This provision is narrowed by its own terms, by putting it in the same company as terms like riot and volcanic eruptions. It's surrounded by those terms. Includes falling objects. It includes the gravamen, if you look at this provision as a whole. As long as it's an object, then it's falling. Right, well, if you look at these provisions in their entirety, you can see things like falling objects, but most of the terms deal with catastrophic incidences. And the term aircraft or vehicle is dispositive. Aircraft, an aircraft lands, it goes on the ground and it transports people and property. A vehicle goes on the ground and transports property. But the purpose of an aircraft, as demonstrated by the courts, is to fly. The purpose of this storage device, this bin, is to store devices. Airplane does other things, but the common sense interpretation of it is that the purpose is to fly, and the purpose of this common sense interpretation of this device is that it stores. The main purpose of an airplane is to fly, and yet it is excluded here in the exception. Correct. The policy makes it- And you're saying that the main purpose of the bin is to do something other than to be a vehicle. But nevertheless, it moves. Yes, it moves. The provision, the statement aircraft or vehicle. First of all, those things are different according to this. So you can have an aircraft rolls on the ground, transports people, but that is not a vehicle. That is why it is the term aircraft or vehicle shows that these things are different. The main problem is the air comes out of the sky and lands upon the building. It's not on its wheels at the time. That's true, Your Honor. So, I mean, I don't even know why the two of them are conjoined. They are conjoined for the purpose of showing that they are not the same thing, but they are the same general thing, in that vehicles are significant items that transport persons or property. Aircraft are significant items that transport persons or property. But the, so you have to look at the words surrounding it. It shows in context of the policy provision that these are significant items. Drones? I'm sorry, is a drone a vehicle or, I'm not quite sure what the question is. They're not significant. They're like this, just a little thing. And if it flies into a building and damages the gas main, is it subject to the exclusion? Is it- I would have to look up to see whether a drone- You don't know the answer to that. I don't know the answer to whether the- We've got problems. Sorry? You don't know the answer to that question. We seem to have problems. A drone, are you suggesting that it's a vehicle or an aircraft? I'm just trying to determine the- I'm asking you. If the thing flies in a window and hits somebody's stove, it damages the gas line. If an aircraft is determined to be a, the drone is an aircraft, then it's subject to coverage. Not- Absolutely. Thank you very much. We'll hear from Mr. Carroll. Thank you. Thank you, Your Honor. First of all, on the date of loss, this recycling bin was being used as a vehicle for its intended purpose. There's no concession anywhere in the record by any of the witnesses or plaintiff that the prime purpose of this was for storage. In fact, this recycling bin is intended to be used to carry the goods in the cart through the building. On the date of loss, they brought in a bin that was much too large. It was six feet tall. Close to my height, about four feet wide, two feet deep. Basically, the size of a small motorized vehicle. Here, the insurance company chose not to use motorized in their provision of the gas systems endorsement, despite the fact that they used motorized throughout the rest of the policy. Two witnesses who testified for plaintiff, after being subpoenaed by defendant, by the way, no principle of plaintiff ever testified. They sought to take depositions of the super and others. Ms. Cannon testified that it was a vehicle, page 79 of her transcript, A395 of the record. Mr. Fitzpatrick, the superintendent, testified as well that he thought it was a vehicle. Is this a matter of law, or is this a matter of fact? Whether it's a vehicle or not, it's a matter of law. And if it's a matter of fact, is it a matter of fact that is subject to the impressions of the people who testify? I don't think it is. I was asked before when somebody made that representation, so I'm commenting upon it. I don't think it's germane at all. I happen to have it to respond if questioned. You're responding to Judge Carney's question. Yes. The fact of the matter is, the lower court as well, Judge McCann described a wheelbarrow. Explicitly stating it was clearly a vehicle being used to transport goods. Every definition of the word vehicle includes transporting goods of people. Judge McCann said a wheelbarrow. McMahon. McMahon, excuse me. Said that it was, a wheelbarrow was a vehicle. It may be used sometimes for storage in a garage. But nevertheless- But a wheelbarrow without a wheel would not be a wheelbarrow. I would think that would be true, Your Honor, yes. But a storage bin without wheels would yet be a storage bin. Correct, but it would not be a vehicle. As used here on the date of loss, it was being used as a vehicle. It's intended purpose to transport items outside of the building. Where it's put into a truck, lifted up onto the streets of the city of New York.  Judge, the lower court also stated that the wheelbarrow may be kept in a garage at all times and used to put items in it. But it's main purpose was not for storage. I suggest that the recycling bin here is being used as a vehicle more frequently than most wheelbarrows in people's homes. It's being used constantly going in and out. It's purpose is to transport goods. How often in this case? How often is it used? That does not appear in the record. No, I do believe that it is transported, again, as it fills up. And it's done regularly throughout the city of New York. You can see them, you can see them wheeled onto the streets, lifted up by some sort of forklift attached to the trucks next to them. But it's used for transport, used to be transported in the alleyways, on the sidewalks, on the streets of the city. On the date of loss here, this bin was being used for its intended purpose as a vehicle for transport. Thank you, Your Honor. Thank you very much. Interesting argument. Well